## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LABYRINTH OPTICAL TECHNOLOGIES LLC<br><br>*Plaintiff,*<br><br>vs.<br><br>FUJITSU NETWORK COMMUNICATIONS, INC.<br>*Defendant.* | CASE NUMBER:<br><br>8:13-cv-00030-AG-MLG<br><br><br><br>DATE: July 17, 2013 |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S

# MOTION TO  DISMISS PLAINTIFF'S CLAIM

# FOR INDIRECT INFRINGEMENT

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF CONTENTS……………………………………………………   i

TABLE OF AUTHORITIES…………………………………………………...   ii

I.      Introduction……………………………………………………………   2

II.     Case Law…………………………………………………...…………   2

III.    Argument…………………………………………………...…………   4

IV.    Conclusion……………………………………………………...........   8

## TABLE OF AUTHORITIES

**Cases**                                                                      **Page**

*Ashcroft v. Iqbal,* ...................................................................................  2-3
    556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009)

*Bascom Research, LLC v. Facebook, Inc.,* ..............................................  6
    No. C-12-6293-SI, 2013 WL 968210 (N.D. Cal. 2013)

*Bell Atl. Corp. v. Twombly,* ...................................................................  2
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)

*Biax Corp. v. Motorola Solutions, Inc.,* ...............................................  3
    No. 10-cv-3013, 2012 WL 502727 (D. Colo. Feb. 15, 2012)

*Bill of Lading Transmission and Processing System Patent Litigation,* ...................  3, 6-7
    681 F.3d 1323 (Fed. Cir. 2012)

*DSU Med. Corp. v. JMS Co.,* .................................................................  3
    471 F.3d 1293 (Fed. Cir. 2006)

*EON Corp., IP Holdings, LLC v. Sensus USA, Inc.,* ...............................  4
    No. C-12-1011, 2012 WL 4514138 (N.D. Cal., Oct. 1, 2012)

*Global-Tech Appliances, Inc. v. SEB S.A.,* ............................................  3
    U.S. 2068, 131 S.Ct. 2060, 179 L. Ed.2d 1167 (2011)

*Pacing Techs., LLC v Garmin Int'l Inc.,* ...............................................  4
    No. 12-cv-1067, 2013 WL 444642 (S.D. Cal., Feb. 5, 2013)

*Potter Voice Technologies, LLC v. Apple, Inc.,* .....................................  5
    No. 12-cv-01096, 2013 WL 1325040 (D. Colo., March 29, 2013)

*Pragmatus AV, LLC v. TangoMe, Inc.,* .................................................  6
    No. 11-1092-LPS; 2013 WL 571798 (D. Del. 2013)

*Proxyconn, Inc. v. Microsoft Corp.,* .....................................................  6
    No. SACV-11-1681, 2012 WL 1835680 (C.D. Cal. May 16, 2012)

*Rembrandt Social Media, LP v. Facebook, Inc.,* ....................................  5
    No. 1:13-cv-158, WL 2950342 (E.D. Va. 2013)

*Secured Mail Solutions, LLC v. Advanced Image Direct, LLC, et al.,* .....................  6
    No. SACV-12-1090,  slip. Op. (C.D. Cal. Jan 30, 2013)

*Stillman v. Novartis Consumer Health, Inc.,* .................................................... 6
    No. CV11-05603, slip. Op. (C.D. Cal. Feb. 6, 2012)

*Superior Industries, LLC v Thor Global Enters., Ltd.,* ................................... 3
    700 F.3d 1287 (Fed.Cir. 2012)

*Symantec Corp. v. Veeam Software, Corp.,* ................................................... 4
    C-12-00700, 2012 WL 1965832 (N.D. Cal., May 31, 2012)

*Trading Tech. Intl., Inc. v. BCG Partners, Inc.,* ............................................ 4
    No. 10-C-715, 2011 WL 3946581 (N.D. Ill., Sept. 2, 2011)

*Walker Digital, LLC v. Facebook, Inc.,* .......................................................... 7
    852 F. Supp.2d 559 (D. Del. 2012)

<u>Statutes</u>

35 U.S.C. § 271(b)...................................................................................................    3

Crystal G. Foley (SBN 224627)
SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC
100 N. Sepulveda Blvd., Suite 1350
El Segundo, California 90245
Telephone: 310-322-3555
Facsimile: 310-322-3655
cfoley@simmonsfirm.com

Attorneys for Plaintiff
Labyrinth Optical Technologies LLC
[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LABYRINTH OPTICAL TECHNOLOGIES LLC<br><br>*Plaintiff,*<br><br>vs.<br><br>FUJITSU NETWORK COMMUNICATIONS, INC.<br>*Defendant.* | CASE NUMBER:<br><br>8:13-cv-00030-AG-MLG<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INDIRECT INFRINGEMENT**<br><br>DATE: July 17, 2013 |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INDIRECT INFRINGEMENT

Plaintiff Labyrinth Optical Technologies LLC ("Labyrinth") submits this Opposition to Defendant's Motion to Dismiss Plaintiff's Claim for Indirect Infringement.

## INTRODUCTION

On January 7, 2013, Plaintiff Labyrinth filed a Complaint against Defendant Fujitsu Network Communications, Inc. ("Fujitsu").   Docket No. 1. In brief, Labyrinth alleged that Fujitsu directly, indirectly, and willfully infringed U.S. Patent No. 8,103,173 ("the '173 patent") by making, using, selling and offering for sale products that infringed Labyrinth's patent. Through a meet and confer process, Labyrinth agreed to amend its complaint to withdraw its claim for willful infringement (without prejudice) and to provide additional detail for Labyrinth's indirect infringement claim. Docket No. 23. Relevant for this motion, the First Amended Complaint pleads Fujitsu was aware of the patents-at-issue starting, at a minimum, as of the filing of this action. This meets the Federal Circuit's recent clarification of the "knowledge" pleading requirements for indirect infringement claims. Despite this, Fujitsu responded with a Motion to Dismiss Indirect Infringement Claims.

## CASE LAW

The Federal Circuit has used the Supreme Court's *Twombly* and *Iqbal* cases to outline pleading requirements for patent infringement. "The pleading requirements set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009) apply to such claims (of induced and contributory

2

infringement)." *Superior Industries, LLC v. Thor Global Enters., Ltd.*, 700 F.3d 1287 (Fed. Cir. 2012).   According to these cases, adequate pleadings require more than "conclusions, and a formulaic recitation of the elements . . . ." *Twombly*, 550 U.S. at 555. Yet at the pleadings stage "specific facts are not necessary," and Labyrinth has included sufficient facts to easily satisfy the pleading standards of *Twombly* and *Iqbal. Biax Corp. v. Motorola Solutions, Inc.*, No. 10-cv-3013, 2012 WL 502727, at *1 (D. Colo. Feb. 15, 2012).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global–Tech Appliances, Inc. v. SEB S.A.*, U.S. 2068, 131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011); see also *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). The Federal Circuit recently confirmed that this does not mean that Plaintiff must prove its case at the pleading stage. *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*,[1] 681 F.3d 1323, 1339 (Fed. Cir. 2012). The Federal Circuit also has held that the knowledge requirement for an indirect infringement claim is met when the plaintiff pleads defendant became aware of the patent in the complaint.

---

[1] Hereinafter referred to as "*In re Bill of Lading*."

3

**ARGUMENT**

Through the meet and confer process, the parties have been able to focus the issue presented by Fujitsu's motion to one simple question: can the complaint itself satisfy the knowledge requirement for an indirect infringement claim with respect to a defendant's post-filing conduct?

As Fujitsu's complaint notes there is a split among courts on this issue. *See, e.g, EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C–12–1011, 2012 WL 4514138, at *1, (N.D. Cal. Oct. 1, 2012) (explaining "[t]hough the claims for indirect infringement require both knowledge of the patent, the Federal Circuit has recently held that post-filing knowledge is sufficient to meet this requirement."); *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-cv-1067, 2013 WL 444642, at *2 (S.D. Cal. Feb 5, 2013) citing *Trading Tech. Int'l., Inc. v. BCG Partners, Inc.*, No. 10-C-715, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011)) ("This Court is persuaded by the by the latter camp, which sees 'no reason why a defendant who is directly infringing on a product should avoid liability for an indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe simply because it happened to learn of the patent in connection with a lawsuit.'"); *Symantec Corp. v. Veeam Software Corp.*, No. C-12-00700, 2012 WL 1965832, at *4, (N.D. Cal. May 31, 2012) ("The Court, however, will construe the complaints as covering contributory infringement for post-filing

4

conduct, where the defendant's knowledge has been adequately alleged."); *Potter Voice Techs., LLC v. Apple, Inc.*, No. 12-cv-01096, 2013 WL 1325040, at *2, (D. Colo. March 29, 2013)("For the purpose of allegedly induced infringements occurring after the date of the filing of the initial complaint, an allegation of knowledge gained with the filing of the initial complaint is sufficient."). Last month, the Eastern District of Virginia issued an opinion discussing the split and gave a detailed analysis as to why it agreed with the majority of courts who held post-suit knowledge is sufficient to support claims of indirect infringement:

> It is clear that the majority view is the sounder view. There is simply no substantive difference between (i) a putative infringer learning of a patent from a plaintiff's letter a day, or hours or even minutes before an infringement suit is filed or served, and (ii) a putative infringer learning of the patent from the filing or service of a complaint. In both instances, the putative infringer learns of the existence of the patent and for purposes of satisfying the knowledge required to establish indirect infringement, it is immaterial how the putative infringer gains this knowledge. What matters is not how the putative infringer learned of the patents—by a letter from plaintiff prior to the filing of suit, by service of the complaint, or indeed from any source—but simply that the putative infringer has knowledge of the allegedly infringed patent and its claims; it is this knowledge of the patent and its claims by a putative infringer—however obtained—that is essential to a claim for indirect infringement. The filing and service of an infringement suit is merely one way of establishing this essential element of the indirect infringement claim.

*Rembrandt Social Media, LP v. Facebook, Inc.*, No. 1:13cv158, 2013 WL 2950342, at *4, (E.D. Va.  June 12, 2013).

OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S CLAIMS FOR INDIRECT INFRINGEMENT

While district courts are split on this issue, the Federal Circuit recently held it is sufficient to plead the Defendant became aware of the alleged infringement "when it was served with the complaint." *In re Bill of Lading*, 681 F.3d at 1345.[2] This coincides with courts in the Northern District of California that "have held that knowledge of the patent based on the filing of a complaint is sufficient to meet the knowledge requirement for an induced infringement claim." *Bascom Research LLC v. Facebook, Inc., No.* C-12-6293-SI, 2013 WL 968210, 3-6 (N.D. Cal. 2013) (*collecting cases,* and *discussing In re Bill of Lading*). And, while Fujitsu's cited decisions fall on the other side of the split, two of them, *Proxyconn* and *Stillman*, were decided before the Federal Circuit's holding in *In re Bill of Lading*. *Proxyconn Inc. v. Microsoft Corp.*, No. SACV-11-1681, 2012 WL 1835680 (C.D. Cal. May 16, 2012); *Stillman v. Novartis Consumer Health, Inc.*, No. CV11-05603, slip. op. (C.D. Cal. Feb. 6, 2012). The third, *Secured Mail*, basis its decision on *Proxyconn* and does not address *In re Bill of Lading. See Secured Mail Solutions, LLC v. Advanced Image Direct, LLC, et. al.*, No. SACV-12-1090, slip. op. at 11, (C.D. Cal. Jan 30, 2013) ("The holding in *Proxyconn* controls[.]") *Proxyconn*, 2012 WL 1835680.

---

[2] Although Federal Circuit decisions on motions to dismiss are not binding, courts have considered their reasoning "strongly persuasive authority." *See, e.g., Pragmatus AV, LLC v. TangoMe, Inc.*, No. 11-1092-LPA, 2013 WL 571798, 1 (D. Del. 2013). The Ninth Circuit has not addressed this issue.

OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S CLAIMS FOR INDIRECT INFRINGEMENT

Labyrinth's First Amended Complaint satisfies the Federal Circuit and majority of district courts' analyses. The Complaint explains Fujitsu became aware of Labyrinth's patent at a minimum as of "the filing of the initial complaint." Docket No. 23 at ¶21. It therefore adequately pleads knowledge to support an indirect infringement claim. Fujitsu's motion should therefore be denied. *See, e.g.,* *Walker Digital, LLC v. Facebook, Inc.*, 852 F.Supp.2d 559, 566 (D. Del 2012) ("given the ease of amendment, the limitation of damages to post-knowledge conduct, and in the interest of judicial economy…the better reasoning is to allow" indirect infringement allegations based upon post-filing knowledge "to proceed to discovery rather than dismissing [them] for lack of pre-filing knowledge when, by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled . . . . "). The argument to the contrary is simply not persuasive. As long as the damages are limited to the post-filing period, there is no sound basis for precluding a plaintiff from establishing the defendant's knowledge as of the filing of the lawsuit.

As addressed, in its brief Fujitsu relies on Central District of California cases which hold that more is required than post-filing knowledge of the patent. These decisions, however, do not discuss the effect of the Federal Circuit's decision *In re Bill of Lading.* It would appear then that this issue is ripe for reconsideration.

OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S CLAIMS FOR INDIRECT INFRINGEMENT

## CONCLUSION

For the foregoing reasons, Labyrinth respectfully requests that the Court deny Fujitsu's Motion to Dismiss Indirect Infringement Claims.

Respectfully submitted,
Labyrinth Optical Technologies LLC

By its attorneys,
SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC

Dated:   July 17, 2013          By:      /s/ Paul A. Lekso                          
                                        Paul A. Lesko – *pro hac vice*
                                        One Court Street
                                        Alton, IL  62002
                                        Tel:  618-259-2222
                                        Fax:  618-259-2251
                                        plesko@simmonsfirm.com

                                        Crystal G. Foley
                                        100 N. Sepulveda Blvd., Suite 1350
                                        El Segundo, California  90245
                                        Telephone:  310-322-3555
                                        Facsimile:  310-322-3655
                                        cfoley@simmonsfirm.com

8

*__Labyrinth Optical Technologies LLC v. Fujitsu Network Communications, Inc.;__*
*__Case No. 8:13-cv-00030-AG-MLG__*
**CERTIFICATE OF SERVICE**

I, Paul A. Lesko declare that I am a citizen of the United States and employed in Madison County, Illinois. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Court Street, Alton, IL 62002. On July 17, 2013, I served a copy of the within document(s):

**Opposition to Motion to Dismiss Plaintiff's**
**Claims for Indirect Infringement**

_____ BY PERSONAL SERVICE as follows: I caused such envelope(s) to be delivered by hand to the addressee(s) at the address set forth below.

XX___ BY MAIL as follows: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

_XX_____ BY EMAIL as follows: by transmitting via the document(s) listed above the email address(es) set for the below on this date before 5:00 p.m.

| | |
|---|---|
| Alexander E Middleton – *pro hac vice*<br>Ropes and Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>212-596-9680<br>Fax: 212-728-2921<br>alexander.middleton@ropesgray.com | J Steven Baughman<br>Ropes and Gray LLP<br>700 Twelfth Street NW Suite 900<br>Washington, DC 20001<br>202-508-4606<br>Fax: 202-383-8371<br>Steven.baughman@ropesgray.com |
| Hiroyuki Hagiwara<br>Ropes and Gray LLP<br>Yusen Building 2F<br>2-3-2 Marunouchi 2-Chome<br>Chiyoda-ku, Tokyo 100-0005<br>Japan | Craig Nevin Hentschel<br>Dykema Gossett LLP<br>333 South Grand Ave<br>Suite 2100<br>Los Angeles, CA 90071<br>213-457-1800 |

9

1  81-3-6259-3500                         Fax:  213-457-1850
   Fax: 81-3-6259-3501                    chentschel@dykema.com
2  hiroyuki.hagiwara@ropesgray.com

3

4  ***Attorneys for Defendant Fujitsu Network Communications, Inc.***

5

6
        I declare under penalty of perjury that the foregoing is true and correct and
7  that this declaration was executed on July 17, 2013, at Alton, Illinois.

8
        **Federal:**  I declare that I am employed in the office of a member of the bar
9  of this court at whose direction service was made.

10

11                              _/s/ Paul A. Lesko_____

12                              Paul A. Lesko

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        10

28                                  OPPOSITION TO MOTION TO DISMISS
                                  PLAINTIFF'S CLAIMS FOR INDIRECT INFRINGEMENT