**DYKEMA GOSSETT LLP**
Craig N. Hentschel, SBN: 066178
*chentschel@dykema.com*
S. Christopher Winter, SBN: 190474
*kwinter@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

**ROPES & GRAY LLP**
J. Steven Baughman, *Pro Hac Vice*
*steven.baughman@ropesgray.com*
One Metro Center, 700 12th Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 508-4606
Facsimile: (202) 383-8371

**ROPES & GRAY LLP**
Gabrielle E. Higgins
*gabrielle.higgins@ropesgray.com*
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4015
Facsimile: (650) 617-4090

**ROPES & GRAY LLP**
Hiroyuki Hagiwara, *Pro Hac Vice*
*hiroyuki.hagiwara@ropesgray.com*
Yusen Building 2F 3-2
Marunouchi 2-Chome Chiyoda-ku
Tokyo, 100-0005
Telephone: +81 3 6259 3516

Attorneys for Defendant
FUJITSU NETWORK COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| LABYRINTH OPTICAL TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>FUJITSU NETWORK COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. SACV13-0030 AG (JPRx)<br><br>Hon. Andrew J. Guilford<br><br>**DEFENDANT'S APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL POST-HEARING BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER F.R.C.P. 12(B)(6)** |

Defendant Fujitsu Network Communications, Inc. ("Fujitsu") respectfully applies for leave to file a short (2-1/2 page) supplemental post-hearing brief regarding the Motion to Dismiss.

Fujitsu filed a motion to dismiss the First Amended Complaint's indirect infringement claims under F.R.Civ.P. 12(b)(6) on the basis that Plaintiff Labyrinth

Optical Technologies, LLC ("Labyrinth") fails to plead adequately that Fujitsu had knowledge of the patent-in-suit as required for such claims. (Dkt. No. 24-1.) The Court made a tentative order denying Fujitsu's motion available in advance of the hearing, but counsel for Fujitsu did not learn of the tentative order until the commencement of the hearing on the merits of the motion to dismiss on August 19, 2013. Although the Court generously provided Fujitsu's counsel an opportunity for brief review of the tentative order, they were unable to review it in its entirety before oral argument. Fujitsu has identified two aspects of the tentative order about which it respectfully requests leave to submit further comment in the belief it may provide clarification and assist the Court in preparing its final order concerning the motion. More specifically, Fujitsu wants to address (1) the treatment of *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323 (Fed. Cir. 2012), and whether it is controlling, persuasive or not on point, and (2) whether a claim for indirect infringement can be maintained post-complaint, when it did not previously exist.

///

///

///

The supplemental brief is attached hereto as Exhibit A and will be filed separately if the Court grants this Application.

Dated: August 21, 2013

DYKEMA GOSSETT LLP
Craig N. Hentschel
S. Christopher Winter

ROPES & GRAY LLP
J. Steven Baughman
Hiroyuki Hagiwara
Gabrielle Higgins

By: /s/ *Craig N. Hentschel*
Craig N. Hentschel
Attorneys for Defendant
FUJITSU NETWORK COMMUNICATIONS, INC.

# EXHIBIT A

| | |
|---|---|
| **DYKEMA GOSSETT LLP**<br>Craig N. Hentschel, SBN: 066178<br>*chentschel@dykema.com*<br>S. Christopher Winter, SBN: 190474<br>*kwinter@dykema.com*<br>333 South Grand Avenue, Suite 2100<br>Los Angeles, California 90071<br>Telephone: (213) 457-1800<br>Facsimile: (213) 457-1850 | **ROPES & GRAY LLP**<br>Gabrielle E. Higgins<br>*gabrielle.higgins@ropesgray.com*<br>1900 University Avenue, 6th Floor<br>East Palo Alto, CA 94303-2284<br>Telephone: (650) 617-4015<br>Facsimile: (650) 617-4090 |
| **ROPES & GRAY LLP**<br>J. Steven Baughman, *Pro Hac Vice*<br>*steven.baughman@ropesgray.com*<br>One Metro Center, 700 12th Street, NW, Suite 900<br>Washington, DC 20005<br>Telephone: (202) 508-4606<br>Facsimile: (202) 383-8371 | **ROPES & GRAY LLP**<br>Hiroyuki Hagiwara, *Pro Hac Vice*<br>*hiroyuki.hagiwara@ropesgray.com*<br>Yusen Building 2F 3-2<br>Marunouchi 2-Chome Chiyoda-ku<br>Tokyo, 100-0005<br>Telephone: +81 3 6259 3516 |

Attorneys for Defendant
FUJITSU NETWORK COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| LABYRINTH OPTICAL TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>FUJITSU NETWORK COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No. SACV13-0030 AG (JPRx)<br><br>Hon. Andrew J. Guilford<br><br>**DEFENDANT'S SUPPLEMENTAL POST-HEARING BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER F.R.C.P. 12(B)(6)** |

Further to the parties' August 19 oral argument, Defendant Fujitsu Network Communications, Inc. ("Fujitsu")[1] respectfully submits these additional responses to two aspects of the Court's Tentative Order ("T.O."): (1) the treatment of *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323 (Fed. Cir. 2012), and (2) the suggestion Plaintiff's indirect infringement claims could be "maintained" post-complaint, when they did not previously exist.

The Tentative Order says *Bill of Lading* is "binding authority" that "settled the issue" of whether pre-suit knowledge suffices. (T.O. at 7-11). But, as Plaintiff concedes (Opp. Br. at 6 n.2), that decision is not binding here, as confirmed by (1) the Federal Circuit itself, which states it applied Sixth Circuit law, 681 F.3d at 1331 ("Because…a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit"); and (2) numerous courts citing *Bill of Lading*'s analysis, but not following it as "binding authority on this point" (*cf.* T.O. at 11)—to the contrary, finding post-complaint knowledge <u>inadequate</u>. *E.g., Brandywine Commc'ns. Techs., LLC v. Cellco P'ship*, 2012 U.S. Dist. LEXIS 158406 at *13-14, *22-26 (M.D. Fla. Nov. 5, 2012) ("*Bill of Lading* provides <u>persuasive authority</u> affirming the pleading requirements for <u>direct</u> infringement"; dismissing indirect infringement claim for failure to plead pre-suit knowledge); *Prism Techs., LLC v. United States Cellular Corp.*, 2012 U.S. Dist. LEXIS 126621 at *6 n.1, 13-14 (D. Neb. Sept. 6, 2012) (*Bill of Lading* is "highly <u>persuasive but not mandatory authority</u> for the Eighth Circuit"; dismissing for failure to plead pre-suit knowledge).

Nor is *Bill of Lading* <u>persuasive</u> on pre- *vs*. post-suit knowledge, as it provides no reasoning or discussion. Instead, as shown by text ellipsized from the Tentative Order (at 7) before "We conclude," it concerns a different aspect of inducement:

---

[1] Abbreviations are those from Fujitsu's prior briefs (Dkts. 24-1 and 31) on its Motion to Dismiss (Dkt. 24),and all emphases are added unless otherwise noted.

1
DEFENDANT'S SUPPLEMENTAL POST-HEARING BRIEF
Case No. SACV13-0030 AG (JPRx)                    EXHIBIT A                        Page 5

In opposition, Microdea argues that its broad statements [cited in the Amended Complaint] about the benefits of its products do not give rise to <u>the reasonable inference that it intends to induce</u> its customers to infringe the '078 patent. And, it argues that, because the complaint fails to allege that it specifically <u>instructs its customers to perform each of the steps of the patented method</u>, it fails to state a claim for relief. We have already addressed the deficiencies of these arguments; they fare no better here. We conclude, therefore, that the district court erred when it dismissed the Microdea Amended Complaint.

681 F.3d at 1345. And while the Tentative Order says "there are no **facts** alleged [in the Microdea amended complaint] that support pre-suit knowledge" (T.O. at 8-9 (bold original)), paragraph 136 of that complaint—incorporated by quoted paragraph 138 (T.O. at 8)—actually "repeats and realleges <u>the allegations contained in Paragraphs 1-135 above as if fully set forth herein</u>," and <u>on that basis</u> (and paragraph 137) asserts "the reasonable inference to be drawn …is that Microdea was aware of the '078 Patent as of March 2009, <u>if not sooner</u>." *See* Dkt. 31-2, Ex. 1 ¶¶ 1-138; 681 F.3d at 1330 ("[t]he amended complaints contain detailed factual allegations… [and f]ollowing these factual allegations, R+L asserts a series of 'reasonable inferences,' which it alleges can be drawn from the facts pled.").

Finally, while the Tentative Order frames the question as whether "a claim for indirect infringement can be <u>maintained</u> when the defendant lacked pre-complaint knowledge" (T.O. at 11), Fujitsu respectfully submits the question is whether the basis for such a claim can be <u>created</u> after the complaint is filed, eliminating Rule 8's threshold requirement of pleading facts plausibly establishing a claim, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556-58, 570 (2007), and giving rise, instead, to a new cause of action existing only post-complaint, where a defendant is already contesting validity and infringement but must now supposedly do something more—and immediately—to avoid added liability. *E.g.*, *Wi-LAN USA, Inc. v. Research in Motion Ltd.*,

2013 U.S. Dist. LEXIS 97203 at *13 (S.D. Fla. June 6, 2013) ("effectively…a motion for a preliminary injunction"); *Brandywine Commc'ns. Techs., LLC v. Casio Computer Co., Ltd.*, 912 F. Supp. 2d 1338, 1346 (M.D. Fla. Dec. 5, 2012) (rejecting reliance on pre-severance complaint and post-complaint letters sent "during the lawsuit, when the parties were already disputing Casio's alleged infringement."). Respectfully, the answer should be "no."

Dated: August 21, 2013

DYKEMA GOSSETT LLP
Craig N. Hentschel
S. Christopher Winter

ROPES & GRAY LLP
J. Steven Baughman
Hiroyuki Hagiwara
Gabrielle Higgins

By: /s/ *Craig N. Hentschel*
Craig N. Hentschel
Attorneys for Defendant
FUJITSU NETWORK COMMUNICATIONS, INC.