UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: | | |

**Proceedings:**     [IN CHAMBERS] ORDER DENYING MOTION TO DISMISS INDIRECT INFRINGEMENT CLAIMS

Defendant Fujitsu Network Communications, Inc. ("Defendant" or "Fujitsu") filed a Motion to Dismiss the First Amended Complaint's indirect infringement claims under Fed. R. Civ. P. 12(b)(6) ("Motion"). Defendant argues that because Plaintiff Labyrinth Optical Technologies, LLC ("Plaintiff" or "Labyrinth") did not plead that Defendant had knowledge of the asserted patent before the lawsuit, the indirect infringement claims fail and should be dismissed with prejudice. The Court DENIES the Motion.

**BACKGROUND**

Plaintiff initially filed a Complaint against both Defendant and Fujitsu America, Inc., alleging direct and indirect infringement of United States Patent No. 8,103,173 ("'173 Patent"). (Dkt. No. 1.) Plaintiff voluntarily dismissed its claims against Fujitsu America, Inc., and filed a First Amended Complaint ("FAC") against Defendant alone. (Dkt. Nos. 11, 23.)

The FAC alleges infringement of the '173 Patent, titled "Method and System For A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

Polarization Mode Dispersion Tolerant Optical Homodyne Detection System With Optimized Transmission Modulation." (FAC ¶ 10.) The '173 Patent's Abstract describes the invention as providing an "optical homodyne communication system and method" that "compensate[s] for polarization mode dispersion" and "[t]he deleterious effects of chromatic dispersion."

Plaintiff alleges that Defendant directly infringed "by making, using, selling and offering for sale products" including but not limited to "the FLASHWAVE 7500, FLASHWAVE 9500, and the 100 GE CFP transceivers." (FAC ¶ 19.) Plaintiff also alleges that Defendant "contributorily infringed and induced infringement of the '173 Patent." (FAC ¶ 20.) Plaintiff alleges that the knowledge element of indirect infringement is satisfied because Defendant had knowledge of the '173 Patent "at minimum after the filing of the initial complaint." (FAC ¶ 21.)

Defendant moves to dismiss the indirect infringement claim on the basis that Plaintiff has not alleged, and cannot allege, facts sufficient to plausibly suggest that Defendant had knowledge of the '173 Patent before the suit. (Mot. 1.)

**LEGAL STANDARD**

"Federal Rule of Civil Procedure 8(a)(2), 'generally requires only a plausible "short plain" statement of the plaintiff's claim,' showing that the plaintiff is entitled to relief." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (quoting *Skinner v. Switzer*, 131 S.Ct. 1289, 1296 (2011)). A "complaint must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.'" *Bill of Lading*, 681 F.3d at 1323 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bill of Lading*, 681 F.3d at 1323 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

A motion to dismiss for failure to state a claim generally raises a "purely procedural question not pertaining to patent law," for which courts apply "the law of the regional circuit." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). But "a procedural issue that is itself not a substantive patent law issue may be governed by Federal Circuit law if the issue pertains to patent law, . . . bears an essential relationship to matters committed to [the Federal Circuit's] exclusive control by statute . . . or clearly implicates the jurisprudential responsibilities of [the Federal Circuit]." *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1381 (Fed. Cir. 2002) (citations and quotations omitted). *See also General Protecht Group., Inc. v. Leviton Mfg. Co., Inc.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011) ("Although this court generally applies the law of the respective regional circuit on questions of procedure, this court applies its own law in reviewing procedural matters arising from substantive issues in areas of law within its exclusive jurisdiction."). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. GEO Group., Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010); *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 936 (Fed. Cir. 2003) ("Because this appeal arises under Fed. R. Civ. P. 12(b)(6), this court must construe the complaint in the light most favorable to the plaintiff-appellant and accept its factual allegations as true.") (applying Sixth Circuit law).

Indirect infringement includes both induced infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c). "A person induces infringement under § 271(b) by actively and knowingly aiding and abetting another's direct infringement." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990). A person is liable for contributory infringement under § 271(c) by knowingly selling, or offering to sell a component material to or especially adapted for use in an infringement of a patented process that has no substantial non-infringing uses. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010), *aff'd*, 131 S.Ct. 2238 (2011). To hold an alleged infringer liable for indirect infringement under § 271(b) or § 271(c), a plaintiff needs to establish that the alleged infringer had "knowledge of the existence of the patent that is infringed." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

**ANALYSIS**

Defendant argues that Plaintiff fails to state a claim for indirect infringement because the knowledge requirement of § 271(b) and § 271(c) cannot be satisfied by an allegation that Defendant learned of the patent through the complaint filed in the case. (Mot. 1.) Plaintiff argues the contrary. (Opp'n 6.) District courts have been divided on this question. The Federal Circuit settled the question in Plaintiff's favor.

  1.  <u>Cases Holding Pre-Suit Knowledge Required</u>

The line of cases prevalent in the Central District of California held that an allegation of knowledge derived only from the complaint fails to state a claim for indirect infringement. In *Stillman v. Novartis Consumer Health, Inc.*, No. CV11-05603 RGK (CWx) (C.D. Cal. Feb. 6, 2012), the court rejected as insufficient an allegation that the defendants had knowledge of the patent from the complaint in the same lawsuit. Similarly, in *Proxyconn Inc. v. Microsoft Corp.*, the court held that:

> [A] complaint fails to state a claim for indirect patent infringement where the only allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the same lawsuit establish the defendant's knowledge of the patent. Thus, Plaintiff fails to state a claim for indirect infringement when it merely alleges that "[s]ince at least the filing of the complaint, [Defendant] has had knowledge of the '717 patent."

No. SACV 11-1681 DOC (ANx), 2012 WL 1835680, *7 (C.D. Cal. May 16, 2012) (internal citations omitted). *Proxyconn* observed that allowing a plaintiff to bootstrap knowledge of the patent from the complaint itself onto defendants' acts before the complaint would "effectively hold[] a defendant liable for acts it did without knowledge." *Id.* at *5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

*Proxyconn* found that "requiring a Plaintiff to plead knowledge based on facts other than the filing of the lawsuit furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit." *Id.* Further, *Proxyconn* rejected the view that "'the interests of judicial economy favor denying a motion because by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge.'" *Id.* at *7 (quoting and disagreeing with *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 566 n.11 (D. Del. 2012)). *Proxyconn* reasoned that, to the contrary, allowing a claim for indirect infringement based on post-filing knowledge can lead to "senseless, expensive litigation," for example, where a defendant only learns of the patent through the complaint and stops all potentially infringing activities that same day. *Id.* In that circumstance, the defendant could not "prevail by showing that it lacked the requisite knowledge at the time its acts of contribution or inducement occurred" until summary judgment, after "hundreds of thousands of dollars are wasted on discovery." *Id.* As to the concern that its approach might shield knowing infringers, *Proxyconn* stated:

> This fear is completely unfounded. In fact, nothing prevents a plaintiff from filing a new lawsuit alleging that the knowledge requirement is established because the Defendant is aware of the previous lawsuit. Alternatively, Federal Rule of Civil Procedure 15(d) provides a procedure for pleading post-suit facts. *See* Fed. R. Civ. P. 15 ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

*Id.* at *6. In *Secured Mail Solutions, LLC v. Advanced Image Direct, LLC*, the court extended *Proxyconn,* holding that cease-and-desist letters to the defendant after the initial complaint also fail to establish knowledge of the patent for pleading indirect infringement. No. SACV 12-01090 DOC (MLGx) (C.D. Cal. Jan. 30, 2013), slip op. at 12. *Secured Mail Solutions* held that allowing post-filing letters to satisfy the requirement "would create an exception that swallows the rule in *Proxyconn*" and "gives too little weight to judicial inefficiencies and parties' expenses in litigating potentially meritless claims." *Id.* at 12-13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

(citing *Proxyconn*, 2012 WL 1835680, at *7).

Many other courts likewise held that knowledge from a complaint in the same lawsuit could not satisfy the knowledge element of indirect infringement. *See Wi-LAN USA, Inc. v. Research in Motion Ltd.*, Case No. 12-cv-24349-DMM/DLB, 2013 U.S. Dist. LEXIS 97203 (S.D. Fla. June 6, 2013) ("Plaintiff must therefore allege that Defendants had pre-suit knowledge of the '168 Patent to sustain its claims for induced, contributory or willful infringement."); *Select Retrieval, LLC v. Bulbs.com Inc.*, No. 12–10389–TSH, 2012 WL 6045942, at *6 (D. Mass. Dec. 4, 2012) (holding knowledge obtained from a complaint insufficient to support a claim for post-filing indirect infringement); *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. Aug. 12, 2010) ("[K]nowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."); *Brandywine Communs. Techs., LLC v. Casio Computer Co. Ltd.*, 912 F. Supp. 2d 1338, 1345 (M.D. Fla. Dec. 5, 2012) (same); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, No. C 11–04049 JW, 2012 WL 1030031, at *2 (N.D. Cal. Mar. 22, 2012) (same).

    2.    <u>Cases Holding That Knowledge From the Complaint Suffices</u>

The competing line of cases held that a defendant's "knowledge of the patent as of the time of the suit's commencement can satisfy the knowledge requirement for conduct that post-dates the date of the complaint." *Intellect Wireless Inc. v. Sharp Corp.*, No. 10 C 6763, 2012 WL 787051, at *11 (N.D. Ill. Mar. 9, 2012); *see also Execware, LLC v. Staples, Inc.*, No. 11-836-LPS-SRF, 2012 WL 6138340 (D. Del. Dec. 10, 2012) (holding post-filing knowledge sufficient); *Symantec Corp. v. Veeam Software Corp.*, No. C 12-00700 SI, 2012 WL 1965832 (N.D. Cal. May 31, 2012) (same).

The primary rationale articulated in these cases is that there is "no reason why a defendant who is directly infringing on a product should avoid liability for an indirect infringement claim when it continues to sell the allegedly infringing product and encourages others to infringe, simply because it happened to learn of the patent in connection with a lawsuit." *Trader Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 3946581, at *4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

(N.D. Ill. Sept. 2, 2011). According to this view, "an accused infringer is on notice of the patent(s)-in-suit once an initial pleading identifies the patents-in-suit, and a patentee that successfully proves the remaining legal elements of indirect infringement is entitled to recover for any post-filing indirect infringement of those patents." *SoftView LLC v. Apple Inc.*, Civ. No. 10-389-LPS, 2012 WL 3061027, at *7 (D. Del. July 26, 2012).

> 3. <u>The Federal Circuit Has Spoken: Alleging Knowledge From a Complaint in the Same Case Suffices to State a Claim for Post-Complaint Indirect Infringement</u>

While the Court believes that the better approach is that knowledge from the complaint suffices, the Court need not discuss the relative merits of the two competing approaches because the Federal Circuit settled the issue in *Bill of Lading*. The Court will explain that conclusion in detail because Defendant ignored *Bill of Lading* in its opening brief and Plaintiff cited it only as persuasive authority in its Opposition, although Defendant discussed it extensively in its Reply.

> 3.1 *Bill of Lading* <u>Held that Post-Filing Knowledge Suffices</u>

Although the Federal Circuit did not address the split of district court authority on the knowledge requirement in *Bill of Lading*, it held as follows:

> The Microdea Amended Complaint alleges that Microdea became aware of the '078 patent, at the latest, in March of 2009 **when it was served with the complaint**. . . . On the basis of these factual allegations, R+L alleges that it is reasonable to infer that Microdea intends to induce its customers to infringe the '078 patent. . . . We conclude, therefore, that the district court erred when it dismissed the Microdea Amended Complaint.

681 F.3d at 1345 (emphasis added). Defendant argues that this portion of *Bill of Lading* did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

not actually decide that knowledge from a complaint suffices because "the Plaintiff's amended complaint in *Bill of Lading* actually alleged (as an inference to be drawn from specifically-pled facts) that Defendant had knowledge of the patent before the complaint was filed, and mentioned the filing of the complaint simply as an alternative." (Reply 3-4.) Defendant's argument misreads the allegations in the amended complaint discussed in *Bill of Lading*, which were as follows:

> 137. R+L first filed its original complaint against Microdea on or around March 12, 2009 and served the complaint through the Hague Convention shortly thereafter. Before service was completed, Microdea's counsel contacted R+L to discuss the complaint and the allegations contained therein.
>
> 138. Thus, the reasonable inference to be drawn from the facts set forth in Paragraphs 136-137 of the Amended Complaint is that Microdea was aware of the '078 Patent as of March 2009, if not sooner.

R+L Carriers, Inc.'s First Am. Compl. for Patent Infringement and Declaratory J. at 30, *In re Bill of Lading Transmission and Processing Sys. Patent Litig.*, No. 1:09-cv-179 (S.D. Ohio) (Reply Ex. 1.). Although the R+L complaint says "if not sooner," there are no **facts** alleged that support pre-suit knowledge, and the Federal Circuit did not ground its holding in pre-suit knowledge. The Court does not understand Defendant to be arguing, or the Federal Circuit to have held, that "if not sooner" is an adequate factual allegation of pre-suit knowledge. It could be reasonably alleged in almost every complaint. Instead, when the Federal Circuit stated that "Microdea became aware of the '078 patent, at the latest, in March of 2009 when it was served with the complaint," the only earlier date supported by a factual allegation was when Microdea's counsel contacted R+L to discuss the complaint, **after** it was filed. The Federal Circuit therefore held that knowledge of the asserted patent from a complaint in the same case is sufficient to meet the knowledge requirement of indirect infringement. *See Eon Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. C–12–1011 EMC,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

2012 WL 4514138, at *1 (N.D. Cal. Oct. 1, 2012) ("Though the claims for indirect infringement both require knowledge of the patent, the Federal Circuit has recently held that post-filing knowledge is sufficient to meet this requirement." (citing *Bill of Lading*, 681 F.3d at 1345)).

While the Federal Circuit did not dwell on the point, its statement is a quintessential holding. "When an opinion issues for the Court, it is not only the result but also those portions of the opinion necessary to that result by which we are bound."  *See DaimlerChrysler Corp. v. United States.*, 361 F.3d 1378, 1385 (Fed. Cir. 2004) (quoting *Seminole Tribe v. Florida*, 517 U.S. 44, 67 (1996)); *Imazio Nursery, Inc. v. Dania Greenhouses*, 69 F.3d 1560, 1569 (Fed. Cir. 1995) (distinguishing holding from dicta on the grounds that the latter was not necessary for the resolution of the case); *cf. Kastigar v. United States*, 406 U.S. 441, 454-55 (1972) ("The broad language . . . relied upon by petitioners was unnecessary to the Court's decision, and cannot be considered binding authority.").  One academic attempt to capture the precise distinction between holdings and other statements in a judicial opinion is that a holding consists of both the conclusion and the material facts upon which the conclusion is based. Goodhart, *Determining the Ratio Decidendi of a Case*, 40 Yale L.J. 161, 182 (1930). Another is the definition of holdings as "those propositions along the chosen decisional path or paths of reasoning that (1) are actually decided, (2) are based upon the facts of the case, and (3) lead to the judgment." Abramowicz & Stearns, *Defining Dicta*, 57 Stan. L. Rev. 953, 1065 (2005).

The Federal Circuit's statement about the adequacy of the First Amended Complaint in *Bill of Lading* is a holding, rather than dicta, under all of the above approaches to charting the holding/dicta divide. *See Eisner v. Macomber*, 252 U.S. 189, 205 (1920) ("[W]hat we have quoted from the opinion in that case cannot be regarded as obiter dictum, it having furnished the entire basis for the conclusion reached."). *Bill of Lading* establishes that alleging that a defendant learned of a patent from an earlier pleading in the case is adequate to allege the knowledge component of indirect infringement.

       3.2    *Bill of Lading* is Binding Authority

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

While arguing that this Court should follow *Bill of Lading*, Plaintiff believes that the case is only persuasive authority because "Federal Circuit decisions on motions to dismiss are not binding." (Opp'n 6.) That is true when a motion to dismiss raises purely procedural issues governed by regional circuit law. *See, e.g., Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc.*, 340 F.3d 1298, 1306 (Fed. Cir. 2003) ("We generally apply the law of the pertinent regional circuit when the precise issue to be addressed involves an interpretation of the Federal Rules of Civil Procedure."). *Bill of Lading* itself applied Sixth Circuit law regarding the applicable standard of review (de novo) and the proper treatment of legal conclusions and unwarranted factual inferences. 681 F.3d at 1331. Here, Defendant points to no relevant differences between Sixth and Ninth Circuit law on these points. *See K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013) (applying Ninth Circuit procedural law to a motion to dismiss for failure to state a claim, but rejecting the view that the requirements for a direct infringement allegation using Form 18 can differ depending on the originating circuit). *K-Tech* stated that the Federal Circuit's decision about the relationship between Form 18 and *Iqbal/Twomby* was "dictated by Supreme Court precedent" and that the outcome was circuit-independent because "Form 18 is a national form." *Id*. at 1282, n.1. Of course, Form 18 is part of the Federal Rules of Civil Procedure, and the national nature of the Federal Rules, and of Supreme Court precedent, has not prevented the regional circuits from developing their own glosses on and understandings of both. And, *K-Tech* noted that "[t]he touchstones of an appropriate analysis under Form 18 are notice and facial plausibility." *Id*. at 1286 (comparing district court cases holding that various allegations met and failed Form 18's requirements). As an analysis of "notice and facial plausibility" could theoretically vary circuit-by-circuit, *K-Tech*'s conclusion of national uniformity appears to have resulted from the patent-specific nature of the question.

Regional circuit law applies to purely procedural issues only "so long as they do not (1) pertain to patent law, (2) bear an essential relationship to matters committed to [the Federal Circuit's] exclusive control by statute, or (3) clearly implicate the jurisprudential responsibilities of [the Federal Circuit] in a field within its exclusive jurisdiction." *Int'l Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1328 (Fed. Cir. 2001); *see also Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032 (Fed. Cir. 2006) ("[W]e resolve the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

issue by deciding that the question of the effect of a dismissal with prejudice on 35 U.S.C. § 285 is a matter of Federal Circuit law . . . in order to promote national uniformity.").

Here, the Central District of California decisions cited by Defendant did not turn on the plausibility of the claims or the level of detail required, which are aspects of pleading that the Federal Circuit reviews under Ninth Circuit law in these circumstances. Instead, *Proxyconn* established a substantive rule based on policy considerations. *Proxyconn* sought to avoid the situation where even if a defendant stopped its infringing acts on the day it received the complaint, it would not be able to prove that it did not knowingly induce infringement without wasting significant resources on discovery. 2012 WL 1835680, at *7. *Proxyconn*'s solution to that problem was to require a plaintiff to file a new lawsuit (or a supplemental pleading pursuant to Fed. R. Civ. P. 15) if it wanted to use the earlier complaint as evidence of pre-suit knowledge for the later infringement claims. Similarly, *Secured Mail Solutions* explained that the alternative of allowing an indirect infringement cause of action for post-filing conduct "gives too little weight to judicial inefficiencies and parties' expenses in litigating potentially meritless claims." No. SACV 12-01090-DOC (MLGx), slip op. at 13.

The district court cases holding the contrary, that post-filing knowledge is sufficient to plead indirect infringement, reasoned that "[w]hat matters is not how the putative infringer learned of the patents . . . but simply that the putative infringer has knowledge of the allegedly infringed patent and its claims." *Rembrandt Social Media, LP v. Facebook, Inc.*, No. 1:13cv158, 2013 WL 2950342, at *4 (E.D. Va. June 12, 2013).

Thus, the question here does not turn on a plausibility analysis that might vary circuit-by-circuit, but rather, on the simple question of **whether** a claim for indirect infringement can be maintained when the defendant lacked pre-complaint knowledge of a patent. That question likely rises to the level of a substantive question of patent law. At the very least, *Bill of Lading*'s resolution of that question in the context of a motion to dismiss "(1) pertain[s]to patent law, (2) bear[s] an essential relationship to matters committed to [the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | **SACV 13-0030 AG (MLGx)** | Date | August 21, 2013 |
|---|---|---|---|
| Title | LABYRINTH OPTICAL TECHNOLOGIES, LLC v. FUJITSU AMERICA, INC., et al. | | |

Federal Circuit's] exclusive control by statute, and (3) clearly implicates the jurisprudential responsibilities of [the Federal Circuit] in a field within its exclusive jurisdiction." *Int'l Nutrition Co.*, 257 F.3d at 1328.

*Bill of Lading* is therefore binding authority on this point. *Accord Eon Corp.*, 2012 WL 4514138, at *1 ("Though the claims for indirect infringement both require knowledge of the patent, the Federal Circuit has recently held that post-filing knowledge is sufficient to meet this requirement." (citing *Bill of Lading*, 681 F.3d at 1345)). And, *Bill of Lading* is a sound decision. Labyrinth therefore sufficiently pled the knowledge element of indirect infringement.

**DISPOSITION**

The Motion is DENIED.

_____ : \_\_\_\_\_

Initials of Preparer